## CHARLES W. THAYER, Petitioner for *Certiorari*, *versus* WILLIAM R. STACY.

A member of a volunteer company raised within the limits of the brigade within whose limits he resides, is required to produce to the commanding officer of the standing company within whose limits he resides, a certificate, pursuant to *St.* 1825, *c.* 153, § 4, that he does active duty in such volunteer company, and keeps himself properly armed, equipped, and uniformed.[1]

THE question was, whether a person, who is duly enlisted in a volunteer company raised within the limits of the brigade within whose limits he resides, is obliged to produce to the commanding officer of the standing company within whose limits he resides, a certificate pursuant to the 4th section of *St.* 1825, *c.* 153 ; which enacts, " that any non-commissioned officer or private of any company raised at large, by producing a certificate from the commanding officer of the company to which he belongs, that he does active duty in said company, and keeps himself properly armed, equipped, and uniformed, shall be exempted from all duty in the standing company within whose bounds he may reside."

*Bartlett*, in support of the petition. The power given to the commander-in-chief, by *St.* 1809, *c.* 108, § 2, to author-'ze the raising of volunteer companies, was restricted by the case of *Commonwealth* v. *Cummings*, 16 Mass. R. 194, to raising them within the limits of the brigades to which they should respectively belong. This section of the statute of

**50**

---

[1] See Revised Stat. *c.* 12, § 18.

1825, was enacted for the purpose of allowing a volunteer company to be raised out of such limits, its members however being subjected to the condition of producing the cer tificate in question, and was not intended to have any operation on a volunteer company raised within the provisions of the former law. Those provisions can be annulled only by a statute which expressly repeals or revises them, or which is inconsistent with them. *Pease v. Whitney*, 5 Mass. R. 380 ; *Holbrook v. Holbrook*, 1 Pick. 254. This statute of 1825 is only additional.

*W. H. Gardiner*, for the respondent, said that the certifi cate was required of members of all volunteer companies without distinction ; that the legislature designed that such companies should be well armed and disciplined ; and that the object of this 4th section of *St.* 1825, *c.* 153, was to prevent men of property from enlisting in a volunteer company without any intention to perform military duty, but merely for the purpose of paying their fines to such company in preference to paying them to the standing company.

PARKER C. J. delivered the opinion of the Court. It has been suggested, that the sole object of the legislature was to avoid the effect of the decision of this Court in the case of *Commonwealth* v. *Cummings*, by which it was virtually determined, that a member of a company raised at large must have his residence or domicile within the limits of the brigade within which the company is raised ; but the words of the statute are inadequate for this purpose, nor do they necessarily, nor even probably, convey any such meaning. Without doubt, had it been the intention of the legislature to authorize enlistments into volunteer companies in a manner determined by the Court to be contrary to the meaning of existing statutes, an explicit provision would have been made for that purpose.

**508**

We can consider the 4th section of *St.* 1825, *c.* 153, in no other light, than as providing for the evidence on which one claiming to belong to a volunteer company, is to be exempt from duty in the standing company of militia, no such evidence having been before required by any statute.

The provision is exceedingly loose and incomplete, for it does not appear when such certificate is to be produced,

nor how long it is to be in force.   But it was undoubtedly intended, that where any one should be enrolled in a standing company and notified of such enrolment, he should show by the certificate required by this statute, that he is not liable to such enrolment.   The object of the legislature seems to have oeen, to require something beyond the mere enlistment in the volunteer company, to wit, that he should do actual duty therein when required, and keep himself armed, equipped, and uniformed as a member thereof.

*Petitioner took nothing by his petition.*